[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff/appellant Dolores V. Palumbo brings this appeal from decisions of the Probate Court for the district of Waterbury. She contests the decision of the Probate Court to appoint John Villano, her twin brother, as executor of the estate of Rose Villano, their deceased mother. The Probate Court made the appointment over the plaintiff's objection. The CT Page 12376 plaintiff later petitioned for the removal of her brother as executor on the ground of conflict of interest. The petition was denied by the Probate Court after a hearing. The plaintiff then brought this appeal from both decisions.
The plaintiff alleges that her brother controlled the financial affairs of their mother, the decedent, during the last years of her life and transferred substantial assets of — hers to himself, his family and corporations controlled by him at a time when the decedent was incapable of conducting her own affairs. The plaintiff disputes her brother's claim that the transfers were gifts knowingly made by their mother. The plaintiff is a beneficiary of one-half of the decedent's residual estate and contends that her brother cannot perform his fiduciary duty to the estate to challenge the disputed lifetime transfers because he was the principal transferee of these assets.
John Villano, the defendant/appellee, has moved for summary judgment in this matter, asserting that there are no genuine issues of material fact and that he is entitled to judgment as a mater of law. The plaintiff opposes the motion and claims that there are numerous issues of material fact which are in dispute.
Both the Probate Court and this court on appeal have jurisdiction to order the removal of an executor. Ramsdell v.Union Trust Co., 202 Conn. 57, 63 (1987). A potential conflict of interest may arise where an executor has dual roles. Id., 66. "If the estate has a viable claim . . . the [executor] has a fiduciary duty to bring such a claim on the estate's behalf." Id. One of the issues in this appeal is whether the estate has a viable claim in connection with the alleged ante mortem gifts to the defendant.
The defendant submitted no less than twelve exhibits in support of his motion for summary judgment, including excerpts from the depositions of the decedent's bookkeeper, sister and accountant concerning the alleged gifts to the defendant. He also submitted an affidavit from the decedent's physician concerning her physical health and mental capacity. All of these submissions support the defendant's contention that the asset transfers were gifts from the decedent to the defendant and that the decedent was mentally competent at the time she made the gifts. CT Page 12377
The plaintiff submitted two affidavits in opposition to the motion for summary judgment, hers and her husband's, both of which address the decedent's mental capacity. Mr. Palumbo states in his affidavit that the decedent signed a check to John Villano for over $1,000,000 believing it was in the approximate amount of $1000. A comparison of the submissions from both plaintiff and defendant demonstrates that there is a genuine issue of fact with respect to the decedent's mental competence at the time she transferred assets to the defendant. The defendant argues that there is no "genuine" issue of fact because the testimony of the defense witnesses is unequivocal and because the content of the affidavits submitted by the plaintiff is anecdotal in nature. However, there are clear issues of credibility raised by the conflicting submissions of the parties. The question of credibility raises an issue of fact which should not be resolved on a motion for summary judgment. Suarez v. Dickmont Plastics Corp., 229 Conn. 99, 107
(1994). The defendant's motion for summary judgment is denied.
VERTEFEUILLE, J.